UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FEIN, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BENICIA,<br><br>Defendant. | No. 2:16-cv-01461-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Plaintiff's Motion for Conditional Certification and Facilitated Notice, ECF No. 6, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. For the following reasons, Plaintiff's Motion is DENIED.[1]

**BACKGROUND**[2]

Plaintiff Jason Fein is a fire captain employed by Defendant City of Benicia. As part of his compensation, Plaintiff has the option of declining health benefits and

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the motions submitted on the briefs in accordance with Local Rule 230(g).

[2] Unless otherwise noted, the allegations in this section are drawn directly, and in some cases verbatim, from the allegations of Plaintiff's Complaint.

receiving cash instead.  Plaintiff has exercised the option for receiving cash.  In this lawsuit, Plaintiff alleges that his "regular rate" of pay for purposes of calculating overtime compensation under the FLSA should have, but did not, include these cash-in-lieu-of-health-benefits payments.  That is, Plaintiff contends he was underpaid for overtime work, which is to be paid at one-and-a-half times his regular rate of pay.

Plaintiff is party to a collective bargaining agreement, and thus his fellow employees were given the same option.  Plaintiff therefore contends that his fellow fire captains are "similarly situated" under the FLSA if they also opted for cash in lieu of health benefits and worked overtime.  Plaintiff also identifies four other collective bargaining agreements in force between Defendant and other types of workers that contain similar options to collect cash instead of health benefits.  Accordingly, Plaintiff claims that employees subject to these other collective bargaining agreements who also opted for cash in lieu of health benefits and worked overtime are "similarly situated" under the FLSA.

In light of these arguments, Plaintiff seeks conditional certification of the following class under the FLSA:  "any and all current or former employees of the City of Benicia who have worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since June 27, 2013."  Pls.' Mot. for Conditional Certification, ECF No. 6, at 1.

**STANDARD**

"The [C]ourt's determination of whether a collective action is appropriate is discretionary.  Plaintiffs bear the burden of showing that they and the proposed class are similarly situated for purposes of [29 U.S.C. § 216(b)].  The term 'similarly situated' is not defined under the FLSA and the Ninth Circuit has yet to address the issue." <u>Adams v. Inter-Con Sec. Sys., Inc.</u>, 242 F.R.D. 530, 535–536 (N.D.Cal. 2007) (citations omitted). "While courts have employed several approaches to interpret whether the parties are

'similarly situated,' this Court follows a two-tiered case-by-case approach." Rodriguez v. SGLC, Inc., No. 2:08-cv-01971-MCE-KJM, 2009 WL 454613, at *1 (E.D. Cal. Feb. 5, 2009) (quoting Adams, 242 F.R.D. at 536).

> The first step under the two-tiered approach considers whether the proposed class should be given notice of the action. This decision is based on the pleadings and affidavits submitted by the parties. The court makes this determination under a fairly lenient standard due to the limited amount of evidence before it. . . . In the second step, the party opposing the certification may move to decertify the class once discovery is complete and the case is ready to be tried.

Id. (ellipsis in original) (quoting Adams, 242 F.R.D. at 536).

Under this two-tiered approach, courts also vary on what satisfies the "fairly lenient standard" required under the first step. Some require only that plaintiffs demonstrate the existence of a common plan or policy. See, e.g., Pereira v. Foot Locker, Inc., 261 F.R.D. 60, 67–68 (E.D. Pa. 2009). Others follow a "hybrid" approach that also looks to whether the work duties of the class members are sufficiently similar. See, e.g., Smith v. Tradesmen Int'l, Inc., 289 F. Supp. 2d 1269, 1372 (S.D. Fla. 2003).

## ANALYSIS

In Plaintiff's Reply, he argues that because Defendant failed to file an Answer, "Defendant's opposition should be stricken and not considered by the [C]ourt." Pl.'s Reply, ECF No. 9, at 2. Plaintiff also contends that the result of Defendant's failure to file an Answer is an admission of all allegations. Id. Finally, Plaintiff seems to imply that the further result of failure to file an answer is an automatic granting of his motion. See id. at 3. Defendant, however, has since filed an Answer, ECF No. 11, in which it denies Plaintiff's factual allegations.[3] In any event, Plaintiff has an affirmative burden to demonstrate, by his pleadings and affidavits, that conditional certification is appropriate.

---

[3] The Answer was filed well past the deadline established by the Federal Rules of Civil Procedure. Rule 12(a) requires an answer to be filed within 21 days of being served with the summons and complaint. The summons here was executed on July 29, 2016, and thus the answer was due by August 19, 2016. ECF No. 5. Defendant's Answer was filed November 30, 2016.

Plaintiff has not met that burden.  Plaintiff has not provided sufficiently specific facts for the Court to grant his motion.  Plaintiff provides only his declaration that he is "aware of other fire captains who are subject to" Defendant's allegedly unlawful payment scheme and his attorney's declaration that he is "informed and believe[s]" that other City employees fit into the proposed class.  Decl. of Jason Fein, ECF No. 6-2, at 2.  More specificity is required as to the existence of other plaintiffs than Plaintiff has provided here.  See Harris v. Vector Mktg. Corp., 716 F. Supp. 2d 835, 838 (N.D. Cal. 2010) (finding that a "handful of declarations" from potential plaintiffs "may suffice" under the FLSA, and collecting cases where five, three, and two affected individuals were found sufficient).  Plaintiff has not specifically identified a single other potential plaintiff and thus cannot meet the lenient standard for conditional certification.  See Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 503, 536 (N.D. Cal. 2007) ("[T]he named plaintiff must demonstrate that there existed at least one similarly situated person . . . .").

## CONCLUSION

For the reasons above, Plaintiff's Motion for Conditional Certification and Facilitated Notice, ECF No. 6, is DENIED.

IT IS SO ORDERED.

Dated:  January 25, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE