UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FEIN, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BENICIA,<br><br>Defendant. | No. 2:16-cv-01461-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Plaintiff's Renewed Motion for Conditional Certification and Facilitated Notice, ECF No. 22, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. Plaintiff previously moved for conditional certification and facilitated notice, ECF No. 6, but that motion was denied for failure to "meet the lenient standard for conditional certification," ECF No. 12, at 4. Plaintiff has now met his burden as set forth below, and his motion is accordingly GRANTED.[1]

///

///

///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the motions submitted on the briefs in accordance with Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff Jason Fein is a fire captain employed by Defendant City of Benicia. As part of his compensation, Plaintiff has the option of declining health benefits and receiving cash instead. Plaintiff has exercised this option. In this lawsuit, Plaintiff alleges that his "regular rate" of pay for purposes of calculating overtime compensation under the FLSA should have, but did not, include these cash-in-lieu-of-health-benefits payments. That is, Plaintiff contends he was underpaid for overtime work, which is to be paid at one-and-a-half times his regular rate of pay.

Plaintiff is party to a collective bargaining agreement, and thus his fellow employees were given the same option. Plaintiff therefore contends that his fellow fire captains are "similarly situated" under the FLSA if they also opted for cash in lieu of health benefits and worked overtime. Plaintiff also identifies four other collective bargaining agreements—called memorandums of understanding ("MOUs")—in force between Defendant and other types of workers that contain similar options to collect cash instead of health benefits. Accordingly, Plaintiff claims that employees subject to these other MOUs who also opted for cash in lieu of health benefits and worked overtime are "similarly situated" under the FLSA.

In light of these arguments, Plaintiff seeks conditional certification of the following class under the FLSA: "any and all current or former employees of the City of Benicia who have worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since June 27, 2013." Pl.'s Renewed Mot. for Conditional Certification ("Pl's Mot."), ECF No. 22, at 1.

///
///
///

---

[2] Unless otherwise noted, the allegations in this section are drawn directly, and in some cases verbatim, from the allegations of Plaintiff's Complaint.

## STANDARD

"The [C]ourt's determination of whether a collective action is appropriate is discretionary. Plaintiffs bear the burden of showing that they and the proposed class are similarly situated for purposes of [29 U.S.C. § 216(b)]. The term 'similarly situated' is not defined under the FLSA and the Ninth Circuit has yet to address the issue." Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 535–36 (N.D. Cal. 2007) (citations omitted). "While courts have employed several approaches to interpret whether the parties are 'similarly situated,' this Court follows a two-tiered case-by-case approach." Rodriguez v. SGLC, Inc., No. 2:08-cv-01971-MCE-KJM, 2009 WL 454613, at *1 (E.D. Cal. Feb. 5, 2009) (quoting Adams, 242 F.R.D. at 536).

> The first step under the two-tiered approach considers whether the proposed class should be given notice of the action. This decision is based on the pleadings and affidavits submitted by the parties. The court makes this determination under a fairly lenient standard due to the limited amount of evidence before it. . . . In the second step, the party opposing the certification may move to decertify the class once discovery is complete and the case is ready to be tried.

Id. (ellipsis in original) (quoting Adams, 242 F.R.D. at 536).

Under this two-tiered approach, courts also vary on what satisfies the "fairly lenient standard" required under the first step. Some require only that plaintiffs demonstrate the existence of a common plan or policy. See, e.g., Pereira v. Foot Locker, Inc., 261 F.R.D. 60, 67–68 (E.D. Pa. 2009). Others follow a "hybrid" approach that also looks to whether the work duties of the class members are sufficiently similar. See, e.g., Smith v. Tradesmen Int'l, Inc., 289 F. Supp. 2d 1269, 1372 (S.D. Fla. 2003).

## ANALYSIS

In support of his prior motion for conditional certification and facilitated notice, "Plaintiff provide[d] only his declaration that he is 'aware of other fire captains who are

subject to' Defendant's allegedly unlawful payment scheme and his attorney's declaration that he is 'informed and believe[s]' that other City employees fit into the proposed class." Mem. & Order, at 4. The Court denied that motion because "Plaintiff ha[d] not specifically identified a single other potential plaintiff and thus c[ould not] meet the lenient standard for conditional certification." Id.; see also Adams, 242 F.R.D. at 536 ("[T]he named plaintiff must demonstrate that there existed at least one similarly situated person . . . .").

To remedy the defects of his prior motion, Plaintiff now provides declarations from other firefighters that they received cash in lieu of health benefits, worked overtime, and did not have those cash payments figured into their regular rate of pay for overtime pay calculation purposes. See Decl. of Carl Littorno, ECF No. 22-4; Decl. of David Calkins, ECF No. 22-5; Decl. of Drake Martin, ECF No. 22-6; Decl. of Gregory Peterson, ECF No. 22-7. Plaintiff also provides declarations from police officers—who are governed by a different one of the five MOUs the City has with its various employees—who were also subject to this allegedly unlawful practice. See Decl. of Majonne Roberson, ECF No. 22-8; Decl. of Sergio Cruz, ECF No. 22-9. Plaintiff argues that these declarations demonstrate "Defendant uniformly applies [the challenged] policy to all current and former employees regardless of job classification, bargaining unit[,] or whether they were covered by a collective bargaining agreement or not." Mem. of P. & A. in Supp. of Pl.'s Mot., ECF No. 22-1, at 5. Thus, he contends he has "satisf[ied] the standard of being 'similarly situated' to the currently named Plaintiff." Id.

Defendant initially opposes the motion on procedural grounds. He claims that "there is nothing in the [Court's prior] Order authorizing a 'renewal' of the Original Motion"; the instant motion should be construed as a motion for reconsideration; and that Plaintiff has failed to meet the standard for reconsideration. Def.'s Opp'n to Pl.'s Mot., ECF No. 24, at 2. These arguments are unavailing as "[d]etermining whether a collective action is appropriate is within the discretion of the district court," Leuthold v.
///

Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004), and the Court nowhere in its prior order specified that the prior motion was denied with prejudice.

Moving to the substance of the motion, Defendant opposes conditional certification on the basis that the question of overtime pay calculation is "one of individualized application—across several different bargaining groups composed of several different bargaining groups composed of several different jobs which are completely unrelated." Def.'s Opp'n to Pl.'s Mot., at 8. Essentially, Defendant argues that the Court apply the "hybrid" approach described above, which, beyond requiring a common policy or practice, looks also to whether the work duties of the class members are sufficiently similar. See, e.g., Tradesmen Int'l, 289 F. Supp. 2d at 1372. However, this Court adopts the approach that requires the plaintiff only provide evidence that "show[s] there is 'some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice].'" Felix v. Davis Moreno Const., Inc., No. CV F 07-0533 LJO GSA, 2008 WL 4104261, at *5 (E.D. Cal. Sept. 3, 2008) (second alteration in original) (quoting Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1139 n.6 (D. Nev. 1999)).

Plaintiff here challenges Defendant's alleged policy of not including cash received in lieu of health benefits in employees' regular rate of pay when calculating overtime. Plaintiff has submitted declarations from employees other than himself who received such cash payments, worked overtime, and whose overtime pay was calculated in the same manner as Plaintiff alleges his was. Additionally, Plaintiff has provided declarations from employees subject to a different MOU indicating that they, too, received cash in lieu of health benefits that was not factored into their overtime pay. This indicates that the challenged policy is not limited to fire captains, but instead applies to all employees who are under an MOU that provides the option to receive cash in lieu of health benefits. Accordingly, Plaintiff has met his lenient burden to receive conditional certification of his proposed class.

///

**CONCLUSION**

For the reasons above, Plaintiff's Renewed Motion for Conditional Certification and Facilitated Notice, ECF No. 22, is GRANTED.

1. The Court preliminarily certifies an FLSA collective action for:

   All current or former employees of the City of Benicia who have worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since June 27, 2013; and

2. Directs that the parties submit a joint proposal for notice to the class, or separate statements as to why no such joint proposal could be reached within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: August 31, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE